UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHEN FANG, et al.,

Plaintiffs,

v.

CMB EXPORT INFRASTRUCTURE INVESTMENT GROUP, et al.,

Defendants.

No. 2:24-cv-01618-DJC-SCR

ORDER

Plaintiffs brought the present action on behalf of themselves and those similarly situated. Plaintiffs claim that they were induced to invest in a limited partnership in order to obtain EB-5 visas due to Defendants' misrepresentations and that their investment was lost due to Defendants' mismanagement of the limited partnership.

Currently before the Court is Plaintiff's request to file his Third Amended Complaint ("TAC") and accompanying exhibits under seal (ECF No. 83). This request is predicated on the Stipulation and Protective Order lodged with this court on November 5, 2024. Defendants' counsel has confirmed they do not oppose this request.

For the reasons stated below, the Court will grant the motion to file exhibits under seal and deny the motion to file the TAC under seal.

**DISCUSSION**

The request to seal documents is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality.'" *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (*quoting Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. *EEOC v. Erection Co.*, 900 F.2d 168, 170 (9th Cir. 1990); *see also Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006*); Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. *EEOC*, 900 F.2d at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Valley Broadcasting Co. v. United States District Court*, 798 F.2d 1289, 1294 (9th Cir. 1986).

This Court's Local Rule 141 sets forth how a request to seal documents should proceed. Documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained pursuant to Rule 141. The Rules require a demonstration of the compelling need for the information to be shielded from public view. L.R. 141(b). Moreover, Local Rule 140 addresses the limited circumstances in which a party may file redacted documents.

Here, Plaintiff's motion offers no substantive explanation as to why the information in the TAC should be sealed. As to the substantive exhibits Plaintiff has

requested the Court to seal, the justification for sealing is apparent as they concern sensitive business records. However, the information in the TAC itself does not, on its face, constitute sensitive business information, and Plaintiff has offered no argument that it is. Therefore, the request to seal the TAC is denied and the request to seal accompanying exhibits is granted.

**CONCLUSION**

Based upon the foregoing, IT IS HEREBY ORDERED that Plaintiff's request (ECF No. 83) is DENIED in part and GRANTED in part follows:

1. Plaintiff's request to file the Third Amended Complaint under seal is DENIED; and
2. Plaintiff's request to file accompanying exhibits under seal is GRANTED.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE